

**SIGNED this 22nd day of September, 2011.**

_____
**JOHN C. AKARD
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas
San Antonio Division**

| IN RE | BANKR. CASE NO. |
|---|---|
| JAMES R. BREWSTER AND THELMA M. BREWSTER | 10-54254 |
| DEBTOR | CHAPTER 13 |

**DECISION AND ORDER ON MOTION TO RECONSIDER ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM OF AMERICAN HOME MORTGAGE SERVICING, INC.**

American Home Mortgage Servicing, Inc. ("AHM") filed a Motion to Reconsider Order Sustaining Debtors' Objection to Claim of American Home Mortgage Servicing, Inc. (the "Motion"), entered by default after AHM failed to file a response to the Debtors' objection to AHM's two proofs of claim. AHM's Motion was filed ten (10) days after the order was entered, so AHM's Motion is brought pursuant to section 502(j) of the Bankruptcy Code and Rule 9023

1

of the Federal Rules of Bankruptcy Procedure (Rule 59 of the Federal Rules of Civil Procedure).[1]

AHM filed two proofs of claim in November 2010: 1) a claim in the amount of $101,834.07; and 2) a second claim in the amount of $24,453.76. Both claims asserted that they were secured. The notes attached to both claims are payable to Argent Mortgage Company and the liens attached to the claims are in favor of Argent Mortgage Company to secure the notes. There is no assignment of the notes and liens to AHM nor any evidence that AHM has authority to act on behalf of Argent Mortgage Company.

The Debtors' Amended Chapter 13 Plan ("Amended Plan") listed both of these claims as direct payments to AHM. The Amended Plan also provided for payment of total pre-petition arrears of $9,636.32 in connection with the first lien proof of claim. Finally, the Amended Plan provided that the monthly payments on AHM's claims would be held in trust by the Chapter 13 Trustee until the Debtors' objections to those claims were resolved. The Debtors filed their objection to AHM's claims on the same day that they filed their Amended Plan. Among other factors, the objection stated that there was no proof that the Debtors were in any way indebted to AHM. AHM did not file a response to the Debtors' objection to AHM's claims, and the court sustained the Debtors' objection by order entered on May 23, 2011. The Debtors' Amended Plan was confirmed on August 19, 2011. AHM argued that because the Debtors listed AHM as a secured creditor in their schedules and in their Amended Plan, they should be estopped to deny AHM's secured status and the court should not have sustained their objection.

AHM also argued that it was not properly served with the Debtor's claim objection pursuant to Rule 7004(b)(3) of Bankruptcy Rules. Rule 7004(b)(3) provides that service "[u]pon a domestic corporation is made by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law…" The Debtors mailed their claim objection to the address listed on AHM's proofs of claim as the address to which notices should be sent; the Debtors also mailed their claim objection to attorney Hilary Bonial, who entered an appearance as AHM's authorized agent on November 9, 2010 (one day before AHM filed its first proof of claim in this case). AHM maintained that such service did not comply with Rule 7004(b)(3) because the Debtors' certificate of service did not indicate that the objection was served on "an officer, managing or general agent, or to any other agent authorized by appointment or by law."

The Debtors responded to AHM's Motion by arguing that AHM had failed to satisfy the Rule 9023 standards for vacating the court's order sustaining the Debtors' objection. The

---

[1] Rule 9023 of the Federal Rules of Bankruptcy Procedure provides that Rule 59 of the Federal Rules of Civil Procedure applies bankruptcy cases, with the only difference being that in bankruptcy cases a movant must file a Rule 9023 motion within 14 days of entry of the judgment rather than 28 days (as provided in Rule 59). References to Rule 9023 in this decision refer to the Federal Rules of Bankruptcy Procedure; references to Rule 59 refer to the Federal Rules of Civil Procedure.

Debtors also argued that this court has previously rejected (in *In re Wilkinson*, Case No. 07-50189 (Bankr. W.D. Tex. July 22, 2011)) the very same argument that AHM has made here with respect to improper service under Rule 7004(b)(3).

**Discussion**

AHM filed its Motion to Reconsider ten (10) days after this court's entry of the order sustaining the Debtors' objection to AHM's claims. AHM filed its Motion pursuant to section 502(j) of the Bankruptcy Code and Bankruptcy Rule 3008, which allow reconsideration of orders sustaining objections to claims "for cause." *See* 11 U.S.C. § 502(j); FED. R. BANKR. P. 3008. The Fifth Circuit has held that motions filed pursuant to Rule 3008, when filed within the time period prescribed by Rule 9023, are analogous to motions brought pursuant to Rule 9023. *S. Tex. Wildhorse Desert Invs., Inc. v. Tex. Commerce Bank-Rio Grande, N.A.*, 314 B.R. 107, 113-14 (S.D. Tex. 2004) (citing *In re Aguilar*, 861 F.2d 873, 874 (5th Cir. 1988)). Accordingly, the Rule 9023 standards for a new trial apply to AHM's motion here.

This court recently articulated the Rule 9023 standards in *In re Camp Arrowhead, Ltd.*, 451 B.R. 678, 691 (Bankr. W.D. Tex. 2011):

> Federal Rule 59(e), made applicable in bankruptcies via Federal Rule of Bankruptcy Procedure 9023, allows parties to seek reconsideration of court orders by filing and serving a written motion within 14 days of the order. *See* FED. R. CIV. P. 59; FED. R. BANKR. P. 9023. 'Reconsideration is an "extraordinary remedy" that courts should us "sparingly."' *Shaw v. Hardberger*, 2010 U.S. Dist. LEXIS 3267, at *4, 2010 WL 276124 (W.D. Tex. Jan. 15, 2010) (citation omitted). A court may amend or alter a previous judgment or order only when the movant clearly establishes some manifest error of law or fact justifying such an amendment. *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd by* 735 F.2d 1367 (7th Cir. 1984)). In a recent case, the District Court for the Western District of Texas outlined the legal standards for the determination of a Rule 59(e) request as follows:
>
>> To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). 'A motion to alter or amend the judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued."' *Rosensweig v. Azurix*

3

*Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

*Shaw v. Hardberger*, 2010 U.S. Dist. LEXIS 3267, at \*4-5.

*In re Camp Arrowhead*, 451 B.R. 678, 691 (Bankr. W.D. Tex. 2011). Here, AHM has claimed that the court committed a manifest error of law when it sustained the Debtors' objection because 1) the Debtors should have been estopped to deny AHM's secured status, and 2) AHM was improperly served with notice of the Debtors' claims objection.

Section 502(j) and its "cause" standard requires a movant to *first* establish some reason for disturbing the finality of the claims determination process – and simply claiming that one is now ready to present a valid basis for opposing a claim objection, without explaining why the claimant failed to present that defense in a timely fashion in the first place, falls short of establishing "cause." *See In re Gonzalez*, 2008 Bankr. LEXIS 1421, at \*4-5 (Bankr. W.D. Tex. May 7, 2008). Here, AHM's estoppel argument might have constituted a valid defense to the Debtors' claim objection. *See Jacobson v. Ormsby (In re Jacobson)*, No. 04-51572-RBK, 2006 U.S. Dist. LEXIS 70433, at \*54 (W.D. Tex. Sept. 26, 2006) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions …. A judicial admission is binding on the party making it and judicial admission may not be explained or controverted."). However, AHM failed to raise this argument before this court entered its order sustaining the Debtors' objection to AHM's claims. Accordingly, AHM may only raise this argument now if the court first determines that AHM has satisfied the Rule 9023 standards for a new trial.

As noted above, "'[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *In re Camp Arrowhead*, 451 B.R. 678, 691 (Bankr. W.D. Tex. 2011) (internal quotations and citations omitted). *See also Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). Here, AHM cannot legitimately assert that its estoppel argument could not have been raised before the court entered its order sustaining the Debtors' objection to AHM's claim unless AHM first establishes that it was improperly served with the Debtors' claim objection and thus had no notice of it. In short, the success of AHM's motion depends upon the merits of AHM's improper service argument.[2]

---

[2] At the hearing, AHM's counsel also suggested that it might be relieved from the court's order sustaining the Debtors' objection under an excusable neglect theory—found in Rule 60(b) of the Federal Rules of Civil Procedure. However, AHM presented no evidence in support of this argument. Counsel's statements concerning AHM's reasons for failing to timely respond to the Debtors' objection do not constitute evidence. *See, e.g., Skyline Corp. v.*

4

This court has previously addressed the same argument regarding improper service under Rule 7004(b)(3) that AHM raises here. *See In re Wilkinson*, Case No. 07-50189 (Bankr. W.D. Tex. July 22, 2011) (Docket No. 400). For the reasons stated in that decision, the court concludes that by mailing the objection to AHM's claims to Hilary Bonial—AHM's authorized agent (per the November 9, 2010 notice of appearance) as well as to the address listed by AHM on its proofs of claim as the address to which notice should be sent, the Debtors satisfied the requirements of Rule 7004(b)(3).

As a final note, this court has previously recognized that the decision to grant or deny a motion for a new trial under Rule 9023 is determined by the equities of the case. As stated by the court in *In re Gonzalez*:

> [T]he standard for granting a new trial under Rule 59 is more relaxed than the 'excusable neglect' standard in Rule 60(b)(1). However, the touchstone for relief even under Rule 59 is consideration of the equities of the case. Here, the movant has offered the court nothing to demonstrate why the equities demand relief, other than the broad (and unsustainable) assertion that, if a timely motion under Rule 59(a) is filed, a default order should always be set aside as a matter of equity.

2008 Bankr. LEXIS 1421, at *5 (Bankr. W.D. Tex. May 7, 2008). Here, AHM's motion for a new trial relies on the allegedly improper service of the Debtors' claim objection. But for the reasons discussed above, the Debtors' service of their objection upon AHM's authorized agent for service of process complied with Rule 7004(b)(3). AHM failed to present any evidence in support of any other grounds that might justify relief under Rule 9023. Only manifest errors of law or new evidence justify relief under Rule 9023. *See, e.g., Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (To succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence.").

In its post-hearing brief, AHM asserted that this court's denial of its claim has the effect of cancelling the lien which it holds on the Debtors' property. The flaw in that argument is that AHM has not established that it has any claim against these Debtors—either secured or unsecured. AHM did not offer any evidence at the hearing on this matter. Even in argument, it did not show any way in which it has a claim against these Debtors, other than, in effect, saying "we have one." The proofs of claim that AHM filed in this case do not show that these Debtors are in any way indebted to AHM. If AHM wishes to be paid in this bankruptcy case, it is AHM's responsibility to prove that it has a claim. It has not done so.

Accordingly, it is hereby:

---

*NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980).

**ORDERED**, that the Motion to Reconsider Order Sustaining Debtors' Objection to Claim of American Home Mortgage Servicing, Inc. is denied.

###